FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 2 9 2003

*[signature]*
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND ALPHONSO TAYLOR,

Plaintiff,

v.                                                                No. CV 01-368 BB/RHS

JOSEPH CORRAL,
ALFRED JARAMILLO,
MONICA GALLEGOS,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion to Dismiss Defendants Corral and Jaramillo [Doc. No. 27], filed June 3, 2003 and the Order [Doc. No. 34], filed July 28, 2003, in which the United States Magistrate Judge instructed Plaintiff to show cause why his claims against Defendant Gallegos should not be dismissed for failure to serve her with the Complaint. Plaintiff filed no response to the motion to dismiss or to the order to show cause. The Court, having considered the pleadings, the Order and Judgment of the Tenth Circuit Court of Appeals, and the entire record, finds that the Motion to Dismiss Defendants Corral and Jaramillo should be denied and that Defendant Gallegos should be dismissed from this case without prejudice.

Plaintiff, Raymond Alonso Taylor, who is incarcerated and proceeding *pro se* and *in forma pauperis*, filed an original and a supplemental civil rights complaint in this case alleging that he was unconstitutionally denied access to the courts, denied adequate medical treatment, and denied due process in connection with his placement in segregation beyond his scheduled

36

release date from disciplinary detention. The district court, considering both documents together as the "complaint", *sua sponte* dismissed this case in its entirety for failure to state a claim.[Doc. No. 11].

Plaintiff appealed the dismissal of his access to the courts and due process claims to the Tenth Circuit Court of Appeals. The Appeals Court affirmed the district court's dismissal of Mr. Taylor's claim that he was denied his constitutional right of access to the courts. The Court "reverse[d] the dismissal of Mr. Taylor's claim that his due process rights were violated by his two and one half month placement and remand[ed] to allow the district court to undertake the requisite evidentiary analysis," explaining that the court "must, in particular determine whether the period of duration is itself atypical and significant." Order and Judgment, Tenth Circuit, October 22, 2002, at p. 5.

Defendants Corral and Jaramillo now argue that the due process claim against them should be dismissed for three reasons: (1) Plaintiff requested the extended stay in segregation; (2) Plaintiff did not exhaust his administrative remedies with respect to the allegations against Defendant Corral in the first complaint; and (3) Plaintiff has not alleged the personal involvement of either of these defendants in his continued presence in segregation. Although Plaintiff failed to respond to the motion, a constitutional claim under §1983 brought by a prisoner *pro se* should not be dismissed under Fed. R. Civ. P. 12 (b)(6) unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). The Court has liberally construed the complaint under this standard, see Northington v. Jackson, 973 F.2d 1518, 1520-

21 (10th Cir. 1992), and finds that the plaintiff has alleged sufficient facts upon which a procedural due process claim might entitle him to relief against these defendants.

Even if the Court was to convert the instant motion to one for summary judgment, the record is not sufficiently developed to resolve this case on its merits. Notwithstanding the evidence that Plaintiff made at least one request to stay in segregation (providing certain conditions proposed by Plaintiff were met), there is also an allegation that he later requested to be released from segregation. Although exhaustion of administrative remedies is a mandatory prerequisite to obtaining relief in the federal action, whether the Plaintiff has met his obligation in that regard is also somewhat unclear in the record, partially because Corral and Jaramillo were each named as a defendant in only one of the two slightly different original complaints and partially because the record does not contain a detailed description of the grievance process. Finally, Plaintiff alleged the personal involvement of these defendants in his placement in segregation, but their role, if any, in keeping Mr. Taylor in segregation is not apparent.

The evidence is insufficient for the Court to determine whether Plaintiff's remaining claim has merit. Accordingly, the United States Magistrate Judge has ordered defendants Corral and Jaramillo to submit a report concerning Mr. Taylor's disciplinary segregation, see Martinez v. Aaron, 570 F.2d 317, 320 (10th Cir. 1978), and Plaintiff has been informed that he will be given an opportunity to present conflicting evidence to controvert the facts set out in the report. See Hall v. Bellmon, 935 F.3d 1106, 1109 (10th Cir. 1991). The parties have been notified that the Martinez report and Plaintiff's response to the report may be used in deciding whether to grant summary judgment on Plaintiff's claims. This approach should provide the court with

adequate information to undertake the evidentiary analysis mandated by the Tenth Circuit. Accordingly, the Court will deny the Motion to Dismiss Defendants Corral and Jaramillo.

This Court's Order of July 28, 2003, [Doc. No. 34] instructed Plaintiff to file a response within twenty (20) days of the entry of the Order showing cause why his claim against a third defendant, Monica Gallegos, should not be dismissed. The Marshall attempted personal service of this defendant, but the summons was returned unexecuted with a note indicating that Ms. Gallegos was no longer at the address provided by Plaintiff. No response to the Court's Order has been filed by Plaintiff. The Court will therefore dismiss the claims against defendant Gallegos without prejudice.

**IT IS THEREFORE ORDERED** that:

1. The Motion to Dismiss Defendants Corral and Jaramillo [Doc. No. 27] is **DENIED**.

2. All claims against Defendant Monica Gallegos are **DISMISSED WITHOUT PREJUDICE** for failure to serve defendant pursuant to Fed. R. Civ. P 4(m).

UNITED STATES DISTRICT JUDGE